IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-02677-WYD-MJW

SONYA C. ROBISON,

    Plaintiff,

v.

LITTON LOAN SERVICING, L.P.;
DEUTSCHE BANK NATIONAL TRUST COMPANY, a/k/a DEUTSCHE BANK TRUST COMPANY AMERICAS, as TRUSTEE FOR THE HOLDERS OF FINANCE AMERICA MORTGAGE LOAN TRUST 2003-1,
ASSET BACKED CERTIFICATES, SERIES 2003-1;
FINANCE AMERICA, LLC, d/b/a FinAm, LLC and its SUCCESSORS AND ASSIGNS;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;
PUBLIC TRUSTEE OF EL PASO COUNTY; and
All Unknown Persons Who Claim Any Interest in the Subject Matter of this Action,

    Defendants.

**ORDER**

I.    INTRODUCTION AND BACKGROUND

THIS MATTER is before the Court on the Defendants' Motion for Summary Judgment, filed March 30, 2010 [ECF No. 17], and Plaintiff Sonya C. Robinson's Motion for Partial Summary Judgment, filed August 16, 2010 [ECF No. 41].

Voluminous facts have been asserted by both parties in connection with the summary judgment motions and briefing.  I will summarize those facts which I deem pertinent to my ruling.  I have, however, construed all of the facts in the light most favorable to Plaintiff as I must for purposes of this summary judgment motion.  *See*

*Carolina Cas. Ins. Co. v. Yeates*, 533 F.3d 1202, 1204 (10th Cir. 2008).

On or about May 2, 2003, Plaintiff executed a Promissory Note ("Note") for a loan in the amount in $112,500.00 and a Deed of Trust to secure the Note for the purpose of purchasing a home in El Paso County, Colorado (the "Property"). The lender listed on the Note and Deed of Trust was Defendant Finance America. According to Plaintiff, the Note was conveyed, sold or assigned multiple times to various different entities, although no record of these conveyances appears in the office of the El Paso County Clerk and Recorder. Eventually, the Note was placed into one or more classes of Certificates and sold and resold to investors by Defendant Deutsche Bank, acting as Trustee for mortgage loans owned by Financial Asset Securities Corporation Finance America Mortgage Loan Trust (the "Trust"). Defendant Litton Loan Servicing, L.P. ("Litton") services and administers the Note on behalf of the Trust.

At some point subsequent to the execution of the Note and Deed of Trust, Plaintiff defaulted on the Note by failing to make the requisite monthly mortgage payments. On October 20, 2008, Plaintiff entered into a Repayment Plan with Litton, which provided that payments made under the plan must be received on or before the designated due date, and must be in the form of a cashier's check, or money order. According to Defendants, Plaintiff violated the terms of the Repayment Plan on November 25, 2008, when she submitted her November payment one day late and in the form of a personal check, rather than a cashier's check or money order. Defendant Litton mailed Plaintiff a Notice of Default and Intent to Accelerate on December 2, 2008, informing her that she was in default and informing her that she must pay all amounts

due under the terms of the Note and Deed of Trust.  Plaintiff denies that she was in default under the Repayment Plan.

On November 17, 2008, Defendant Litton hired a third party to enter the Property and "winterize it".  Plaintiff contends that during this process, her home was sealed shut and the locks changed.  Plaintiff states that she attempted to gain access to the Property on December 26, 2008, but was unable to do so because the locks had been changed.  According to Plaintiff, she contacted Defendant Litton on December 28, 2008, and was given the code to the lock box and informed that the Property would be "de-winterized."  When Plaintiff regained access to the Property, she contends that locks had been broken, the home was uninhabitable, and several items were missing.  Plaintiff states that when she called and reported the damage to Defendant Litton, she was informed by Litton that they would "work something out" because the damage to her exceeded her upcoming mortgage payment.  Plaintiff contends that, based on this conversation, she did not make her January, 2009 mortgage payment.  Plaintiff maintains that when she again contacted Defendant Litton at the end of the month she was told to submit her next payment "until something else could be worked out."  Plaintiff did attempt to make her February and March payments, but they were both returned to her with letters advising her that the Property was in foreclosure.

On March 26, 2009, Deutsche Bank initiated a foreclosure proceeding in El Paso County District Court, Case No. 2009CV3621 pursuant to C.R.S. § 38-38-101 (the "Rule 120 proceeding").  An Order Authorizing Sale was entered in that case on June 22, 2009.

On August 27, 2009, Plaintiff filed a separate action in El Paso County District Court, Case No. 2009CV5546, seeking dismissal of the Rule 120 proceeding and an adjudication of the rights of all parties to this action with respect to the Property. On September 1, 2009, the El Paso County District Court entered a Temporary Restraining Order, enjoining Defendants from selling the Property at a foreclosure sale scheduled for September 2, 2009. On October 30, 2009, the El Paso County District Court held a hearing on Plaintiff's Motion for Preliminary Injunction, and directed counsel for Plaintiff to provide a draft order. On November 16, 2009, before Plaintiff could submit the proposed order, Defendants filed a Notice of Removal in this Court. In the Notice, Defendants contend that jurisdiction was appropriate pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000. While a written order on Plaintiff's request for Preliminary Injunction was never entered, it appears that just prior to removal the El Paso County District Court did grant Plaintiff's request for a Preliminary Injunction, preventing the sale of the Property.

In her Amended Complaint, Plaintiff alleges that the Rule 120 proceeding is unlawful and seeks to quiet title of the Plaintiff based on allegations that (1) Deutsche Bank is not the real party in interest in that proceeding; (2) defective notice requires dismissal of the Rule 120 proceeding; (3) Plaintiff is not in default; and (4) Deutsche Bank does not hold a valid security interest in the subject property. In addition, Plaintiff claims that Defendant Litton's conduct in "winterizing" the Property gives rise to various state law claims for trespass, invasion of privacy, extreme and outrageous conduct, and

negligent infliction of emotional distress. Finally, in connection with the Repayment Plan, Plaintiff asserts claims against Defendant Litton for breach of the covenant of good faith and fair dealing, breach of fiduciary duty, fraud, misrepresentation, concealment, negligent misrepresentation, and a claim for violation of Colorado's law concerning unfair and deceptive trade practices against Defendant Litton and Defendant Deutsche Bank.

On November 3, 2010, I ordered the parties to file a status report discussing the status of the state court Rule 120 foreclosure proceeding, and whether a Preliminary Injunction preventing the foreclosure sale was currently in place. In Plaintiff's status report, filed November 10, 2010, she indicated that the state foreclosure action was dismissed without prejudice by Defendant Deutsche Bank on August 4, 2010, but represented that a Preliminary Injunction remained in place.

In their pending motion for summary judgment, Defendants seek an order dismissing all of Plaintiff's claims. In her cross-motion Plaintiff seeks summary judgment with respect to her claims for unlawful foreclosure and quiet title.

II.     ANALYSIS

    A.     <u>Summary Judgment Standard</u>

Summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

The burden of showing that no genuine issue of material fact exists is borne by

the moving party. *E.E.O.C. v. Horizon/ MS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead bring forward "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Fed. R. Civ. P. 56(e) requires that a nonmoving party's evidence be "identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein." *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992).

In reviewing a summary judgment motion, the court must view the evidence in the light most favorable to the nonmoving party. *Anaya v. Crossroads Managed Care Systems, Inc.*, 195 F.3d 584, 590 (10th Cir. 1999). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

When the parties file cross motions for summary judgment, the court is entitled to assume that no evidence needs to be considered other than that filed by the parties, but summary judgment is nevertheless inappropriate if disputes remain as to material facts. *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). Cross motions for summary judgment must be treated separately – the denial of one does not require the grant of another. *Buell Cabinet v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979) (cited with approval in *Atlantic Richfield*).

B.  Parties Cross-Motions for Summary Judgment

I first address the parties' cross motions for summary judgment on Plaintiff's claims for wrongful, unlawful, and unconstitutional foreclosure and quiet title. On December 2, 2010, I issued an order to show cause noting that some, if not all of Plaintiff's claims in this case challenge the validity of the Rule 120 proceeding, or challenge Defendants' conduct during the Rule 120 proceeding, which has been dismissed. I ordered the parties to respond in writing why the claims and causes of action asserted in this case should not be dismissed as moot.

In response to the order to show cause, Plaintiff contends that despite the dismissal of the Rule 120 foreclosure proceeding, she is nevertheless entitled to complete adjudication of her claim to quite title under Colo. R. Civ. P. 105, as well as her claims challenging the Rule 120 proceeding. Defendants contend that all of Plaintiff's claims are predicated upon Defendants' exercise of the power of sale contained in the Deed of Trust through the Rule 120 proceeding, and that all of those claims are now moot. I find that the dismissal of the Rule 120 proceeding has rendered some of Plaintiff's claims in this action moot.

I note that in her Amended Complaint, Plaintiff specifically seeks dismissal of the Rule 120 proceeding based on allegations that (1) Deutsche Bank was not the real party in interest; (2) defective notice requires dismissal of the Rule 120 proceeding; (3) Plaintiff was not in default; and (4) Deutsche Bank does not hold a valid security interest in the subject property. In addition, Plaintiff's quiet title claim seeks a complete adjudication of all parties rights or interest in the Property, including Defendants' claims

that they had rights and interests sufficient to allow them to proceed with foreclosure in the Rule 120 proceeding. However, the Rule 120 proceeding that Plaintiff challenges was dismissed by the El Paso County District Court prior to the completion of the public trustee's foreclosure sale. Defendants have not yet attempted to renew any foreclosure against Plaintiff. Therefore, Plaintiff's assertion that Deutsche Bank was not the proper party to initiate the Rule 120 proceeding, and did not provide Plaintiff with proper notice in that proceeding, as well as Plaintiff's other challenges to the Rule 120 proceeding, and her claim to quiet title, appear to be moot.

Article III limits the jurisdiction of federal courts to consider only "actual cases or controversies." U.S. Const. Art. III. When an intervening event prevents the court from granting effective relief to a litigant, the action should be dismissed as moot. *Mills v. Green*, 159 U.S. 651, 653; *see also Colorado Interstate Gas Co. v. F.E.R.C.*, 890 F.2d 1121, 1126 (10th Cir. 1989); *C&C Products, Inc. v. Messick*, 700 F.2d 635, 656 (11th Cir. 1983) (no jurisdiction exists to decide questions which have become moot by reason of intervening events). An exception to the mootness doctrine applies as to issues which are "capable of repetition, yet evading review." *McKeen v. U.S. Forest Service*, 615 F.3d 1244, 1255-56 (10th Cir. 2010). That exception preserves justiciability of an issue where: "(1) the duration of the challenged conduct is too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.* (citing *Disability Law Ctr. v. Millcreek Health Ctr.*, 428 F.3d 992, 996 (10th Cir. 2005)).

Here, the dismissal of the Rule 120 proceeding is an intervening event that renders moot Plaintiffs' claims for unlawful foreclosure and quiet title. I cannot grant Plaintiff's request that I dismiss the Rule 120 proceeding, and I cannot render a determination as to whether Defendants have rights and interests sufficient to allow them to proceed in the Rule 120 proceeding, because that action has already been dismissed. In other words, there is no longer any actual controversy concerning ownership or possession of the Property. *See McAlpine v. Thompson*, 187 F.3d 1213, 1216 (10th Cir. 1999) (there is no live case or controversy when a favorable decision will not afford plaintiff relief). In addition, while there may be a reasonable expectation that Defendant Deutshce Bank will attempt to renew a foreclosure proceeding against Plaintiff, I find that the duration of such a proceeding is not too short for Plaintiff to raise and litigate any issues related to the propriety of that proceeding, including her assertion that Defendant Bank of America is not the real party in interest.     Because I find that Plaintiff's claims for unlawful foreclosure and quiet title are moot and do not fall into the "evading review" exception, those claims will be dismissed without prejudice.

Therefore, Defendants' motion for summary judgment on Plaintiff's claims for unlawful foreclosure and quiet title are denied as moot, and Plaintiff's cross-motion for summary judgment is denied as moot.

      C.    <u>Trespass and Invasion of Privacy Claims</u>

I now turn to Plaintiff's claims for trespass and invasion of privacy, which are based on Defendant Litton's entry onto the Property to change the locks and "winterize" the Property in November, 2008. In Colorado, the elements for the tort of trespass are

a physical intrusion upon the property of another without the proper permission from the person legally entitled to possession of that real estate. *Public Service Co. of Colorado v. Van Wyk*, 27 P.3d 377, 389 (Colo. 2001); *Gerrity Oil & Gas Corp. v. Magness,* 946 P.2d 913, 933 (Colo. 1997). To prevail on a claim for intrusion upon seclusion as a violation of one's privacy, a plaintiff must show that another has intentionally intruded, physically or otherwise, upon the plaintiff's seclusion or solitude, and that such intrusion would be considered offensive by a reasonable person. *See Doe v. High-Tech Institute, Inc.*, 972 P.2d 1060, 1064-65 (Colo. App. 1998) (citing Restatement (Second) of Torts § 625B (1981)).

Defendant Litton contends that it is entitled to summary judgment on these claims based on its affirmative defense of "consent." A defendant is not legally responsible to plaintiff on a claim of trespass if by words, conduct or both, the plaintiff led the defendant to reasonably believe that plaintiff consented to the entry upon the property, and defendant entered the property in a manner substantially similar to the manner consented to by the plaintiff. *See* Restatement (Second) of Torts § 167; Colorado Jury Instructions (Civil) §§ 18:3; 28:13. According to Defendant Litton, Plaintiff "consented" to the winterization of the Property based on paragraph 9 of the Deed of Trust, which provides:

> If Borrower fails to perform the covenants and agreements contained in this Security Instruction . . . Lender may do and pay for whatever is *reasonable or appropriate* to protect Lender's interest in the Property . . . including securing and/or repairing the Property. . . . Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and

>> windows, drain water from pipes, eliminate building or other
>> code violations or dangerous conditions, and have utilities
>> turned on or off. (Emphasis added).

In response, Plaintiff states that her signature on the Deed of Trust did not constitute consent to "winterization" of her home. In addition, I note that evidence submitted by Defendant Litton indicates that the "winterization" took place on November 17, 2008, prior to the time Plaintiff's first payment was due under the Repayment Plan. I find that, based on the record before me, I cannot grant summary judgment in favor of Defendant Litton based on its affirmative defense of consent. Even assuming that Plaintiff's signature on the Deed of Trust constitutes some limited consent to entry onto the Property once she was in default under the Note, issues of fact remain as to whether Defendant's conduct was "reasonable and appropriate" under the circumstances, per the language in the Deed of Trust. Therefore, I deny Defendant Litton's request for summary judgment on Plaintiff's claims for trespass and invasion of privacy.

### D. <u>Outrageous Conduct and Intentional Infliction of Emotional Distress Claims</u>

Plaintiff also contends that Defendant Litton's "winterization" of the Property gives rise to claims for outrageous conduct and negligent infliction of emotional distress (NIED). Defendant Litton asserts that it is entitled to summary judgment on these claims and contends that its conduct was not "outrageous" as a matter of law, and that Plaintiff cannot meet her burden of proof on her NIED claim because she cannot demonstrate that she was sustained physical injury or was in the "zone of danger."

In Colorado, the elements of an outrageous conduct claim are: (1) the defendant engaged in extreme and outrageous conduct; (2) the defendant engaged in such conduct recklessly or with the intent of causing the plaintiff severe emotional distress; and (3) the defendant's conduct caused plaintiff to suffer severe emotional distress." *McCarty v. Kaiser-Hill Co., L.L.C.*, 15 P.3d 1122, 1126 (Colo. App. 2000), *cert. denied* (Jan. 2001). "Although the question whether conduct is outrageous is generally one of fact to be determined by a jury, it is the initial responsibility of a court to determine whether reasonable persons could differ on the question." *Id.* "The level of outrageousness required for conduct to create liability for intentional infliction of emotional distress is extremely high." *Id.* "Liability has been found only where the conduct has been so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.*; *see also Destefano v. Grabrian*, 763 P.2d 275, 286 (Colo. 1988). Language from the Restatement of Torts emphasizes the limited nature of this tort: "It has not been enough that the defendant acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." Restatement (Second) of Torts § 46, cmt d.

After viewing all of the evidence in the light most favorable to Plaintiff, I find that as a matter of law Defendant Litton's winterization of the Property does not rise to the level of behavior that is "so outrageous in character and so extreme in degree, as to go

beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community." *See, e.g.,* *McCarty*, 15 P.3d at 1126-27. Therefore, I find that Defendant Litton is entitled to summary judgment on Plaintiff's claim for relief for Outrageous Conduct, and this claim must be dismissed.

In addition, I find that Defendant Litton is entitled to summary judgment on Plaintiff's NIED claim. A plaintiff may recover for negligent infliction of emotional distress only if she subjected to an unreasonable risk of bodily harm. *Aller v. Law Office of Carole C. Schriefer, P.C.*, 140 P.3d 23, 26-27 (Colo. App. 2005). In addition, a plaintiff must establish that she sustained physical injury or was in the "zone of danger." *Colwell v. Mentzer Investments, Inc*, 973 P.2d 631, 638 (Colo. App. 1998). Recovery for emotional distress is permitted only if there are physical manifestations or mental illness. *Id.*

Here, in her response to Defendant's motion for summary judgment, Plaintiff states that when she tried unsuccessfully to gain access to the Property on December 26, 2008, she was deprived of shelter on a day when weather records show the mean temperature for the day was 32 degrees, the low temperature was 16 degrees, and the wind speed ranged from 16-29 mph with gusts up to 34 mph. In support of these allegations Plaintiff cites to a weather report generated by a website called "wunderground.com." Even assuming that Plaintiff could establish that at the time she attempted to gain access to the Property it was 32 degrees, she has not come forward with any evidence that she was deprived of "shelter" or that she was otherwise subjected to an unreasonable risk of bodily harm. In addition, while Plaintiff states her

-13-

children aged 6 and 18 months accompanied her to the Property, she has not come forward with any evidence that she suffered any physical injury or observed her children suffer physical injury.  Nor does Plaintiff come forward with any evidence that she suffered any subsequent physical manifestations or mental illness following the incident.  When the party moving for summary judgment claims that there is not a genuine issue for trial because a material fact is undisputed, the nonmoving party must do more than recite arguments in response.  Rather, sufficient evidence (pertinent to the material issue) must be identified by reference to an affidavit, a deposition transcript or a specific exhibit incorporated therein.  *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024-25 (10th Cir. 1992) (citing *Celotex*, 477 U.S. at 324); Fed. R. Civ. P. 56(e).  I find that Plaintiff has failed to come forward with sufficient evidence to support her NIED claim, and Defendant Litton is entitled to summary judgment on this claim.

        E.       <u>Plaintiff's Claims for Fraud, Misrepresentation and Concealment</u>

Next I address Defendant Litton's assertion that it is entitled to summary judgment on Plaintiff's claims for fraud, misrepresentation, negligent misrepresentation, concealment, and breach of fiduciary duty.  These claims are all based on Plaintiff's contention that Defendant Deutsche Bank initiated foreclosure proceedings as a result of her failure to make her January, 2009, payment under the Repayment Plan.  According to Plaintiff, she decided to forego making the January, 2009, based solely on Defendant Litton's oral representation that it would "work something out" with respect to her claims for damages allegedly caused as a result of the "winterization" of the Property.

Defendant Litton contends that these claims must fail because Plaintiff was in default under the Repayment Plan prior to her failure to make her January, 2009, payment. As discussed above, Defendant Litton maintains that Plaintiff violated the terms of the Repayment Plan on November 25, 2008, when she submitted her November payment one day late and in the form of a personal check, rather than a cashier's check or money order. It is undisputed that the Repayment Plan states that each payment set forth therein must be received on or before the designated due date, and that "[t]here is no grace period." The Repayment Plan further provides that if a payment is not received by the due date in the form of a cashier's check or money order, the loan will be deemed to be in material default and Litton will have the right to proceed with a foreclosure action. It is also undisputed that Defendant Litton mailed Plaintiff a Notice of Default and Intent to Accelerate on December 2, 2008, informing her that she was in default and informing her that she must pay all amounts due under the terms of the Note and Deed of Trust.

Plaintiff does not specifically address these arguments in her Response. Nor does she deny that her November, 2008, payment was a day late and submitted in the form of a personal check. Plaintiff generally denies that she was in default under the Repayment Plan based on the fact that Defendant Litton accepted her November 2008, and December 2008, payments. However, Plaintiff has not set forth any legal or factual support for this contention. I find that, even construing the facts in the light most favorable to Plaintiff, she has failed to link Defendant Deutsche Bank's decision to initiate foreclosure proceedings in March, 2009, to her missed January, 2009, payment.

Therefore, I find that Defendant Litton is entitled to summary judgment on Plaintiff's claims for fraud, misrepresentation, negligent misrepresentation, concealment, and breach of fiduciary duty.[1]

### F. Plaintiff's Claim for Violation of the CCPA

I now turn to Defendants' motion for summary judgment on Plaintiff claim for violation of the Colorado Consumer Protection Act ("CCAP"); C.R.S. § 6-1-105. While Defendants request summary judgment on all of Plaintiff's claims, they do not advance any arguments specific to her CCPA claim. I note that in the Amended Complaint, Plaintiff alleges that Defendants Litton and Deutsche Bank "knowingly made false representations" to Plaintiff regarding the "characteristics, uses and benefits" of their services, and represented that their mortgage loan services were of a particular standard, quality, or grade when they knew or should have known they were of another standard, quality or grade. The Amended Complaint does not describe the alleged misrepresentations and does little more than recite the language of the statute. I further note that the Amended Complaint does not allege that Defendants' conduct "significantly impacts the public as actual or potential consumers of the defendant's

---

[1]Moreover, it appears that these claims may also be barred by Colorado's Credit Agreement Statute of Frauds; the provisions of which apply broadly to give effect to the Act's central purpose of promoting certainty in credit agreements by curtailing suits against lenders based on oral representations.

In addition, with respect to Plaintiff's breach of fiduciary duty claim, I note that in the absence of special circumstances, the relationship between a lending institution and its customer is merely one of creditor and debtor. *Premier Farm Credit, PCA v. W-Cattle, LLC*, 155 P.3d 504, 523 (Colo. App. 2007). There is no indication anywhere in the record that any special circumstances exist in this case giving rise to a fiduciary relationship between Plaintiff and any of the Defendants.

goods, services, or property." *See Hall v. Walter*, 969 P.2d 224, 235 (Colo. 1998). Nevertheless, based on the record before me, I find that Defendants have failed to demonstrate that they are entitled to summary judgment on this claim.

      G.      <u>Plaintiff's Claim for Violation of Duty of Good Faith and Fair Dealing</u>

Finally, I address whether Defendants are entitled to summary judgment on Plaintiff's claim for violation of the duty of good faith and fair dealing. Again, while Defendants have requested summary judgment on all of Plaintiff's claims, they have not directly addressed this claim in their motion. However, it is apparent from the allegations in Plaintiff's Amended Complaint that this claim should be dismissed as a matter of law. Plaintiff's claim is based on allegations that Defendant Litton breached the duty of good faith and fair dealing in the Repayment Plan when it induced Plaintiff not to send in her January, 2009, payment until the parties could "work something out" with respect to the damage she alleged sustained following Defendant's Litton's "winterization" of the Property.

Colorado law recognizes that every contract contains an implied duty of good faith and fair dealing, which is generally evoked to effectuate the "intentions of the parties or to honor their reasonable expectations." *Amoco Oil v. Ervin*, 908 P.2d 493, 498 (Colo. 1995). That duty, however, applies "only when the manner of performance under a specific contract term allows discretion on the part of either party." *Id.* Discretion in performance occurs when "the parties, at formation [of the contract], defer a decision regarding performance terms of the contract leaving one party with the power to set or control the terms of performance after formation." *City of Golden v. Parker*,

138 P.3d 285, 292 (Colo. 2006) (quotations omitted). Here, neither party reserved any discretion under the Repayment Plan to control the terms of performance. Therefore, as a matter of law, no implied duty of good faith and fair dealing applies to the parties' performance under the Repayment Plan, and this claim must be dismissed.

III.   CONCLUSION

For the reasons set forth herein, it is hereby

ORDERED that Defendants' Motion for Summary Judgment, filed March 30, 2010 [ECF No. 17], is **GRANTED IN PART AND DENIED IN PART**. It is **GRANTED** in that Plaintiff's claims for outrageous conduct, negligent infliction of emotional distress, breach of the duty of good faith and fair dealing, breach of fiduciary duty, fraud, misrepresentation, concealment, and negligent misrepresentation are **DISMISSED WITH PREJUDICE**, and Plaintiff's claims for unlawful foreclosure and quiet title are **DISMISSED AS MOOT**. The motion is **DENIED** as to Plaintiff's claims for trespass, invasion of privacy, and violation of the Colorado Consumer Protection Act. It is

FURTHER ORDERED that Plaintiff Sonya C. Robinson's Motion for Partial Summary Judgment, filed August 16, 2010 [ECF No. 41] is **DENIED AS MOOT**.

Dated:  March 29, 2011

                                        BY THE COURT:

                                        s/ Wiley Y. Daniel
                                        Wiley Y. Daniel
                                        Chief United States District Judge